DANIEL W. BRADT *vs.* PERSIS M. HODGDON.

Androscoggin. Opinion January 29, 1901.

*Will. Power of Sale. Bond. R. S., c. 71, § 4.*

A testator may devise his real estate to his executor for the purpose of selling the same, or he may devise it to others subject to the exercise of a naked power of sale, which he gives to his executor.

There is a well settled distinction between a devise of land to an executor to sell, and a devise that an executor shall sell, or that land shall be sold by him. A devise of the first description gives a power coupled with an interest, and the estate passes to the executor; while the latter are instances of a naked power.

A testator devised and bequeathed the residue of his estate to his children and their heirs forever, in equal shares. By the next clause in his will he authorized his executors and the survivor of them, or any successor, "to sell at public or private sale any or all my real estate at such time or times as they may see fit and invest the proceeds safely, the same to go as herein provided for my real estate. But this provision in regard to the sale of my real estate is not intended to interfere with the right of my wife and children to convey said real estate in the same manner as they could convey the same were this power to the executors to sell not inserted in this will."

*Held;* that the testator expressly gave a naked power to his executors to convey this real estate for the purpose of the conversion of the same into money, which should take the place of the real estate and go to the devisees in the place thereof, and that this power was duly executed by the surviving executor by his conveyance to the defendant.

R. S., c. 71, § 4, which requires persons licensed by the probate court to give bond before proceeding to make sales of real estate, does not apply to an executor who makes a sale of real estate in execution of the power vested in him by the will.

*Hanson* v. *Brewer,* 78 Maine, 195, explained.

AGREED STATEMENT.

The case appears in the opinion.

*Ralph W. Crockett,* for plaintiff.

The power of an executor to convey the real estate of his testator is a power which is strictly construed. Such conveyances being in derogation of the rights of heirs and devisees, the purchaser has always been held to be bound to show strict compliance with statutory requirements if his title is called in question. *Campbell* v. *Knights,* 26 Maine 224; *Parker* v. *Nichols,* 7 Pick. 111; *Snow* v. *Russell,* 93 Maine, 362, p. 374.

Here the executor attempted to convey under the provisions of the will. The will contained no provision exempting the executor from giving bond for the sale of real estate. It did excuse him from filing an official bond as executor, but such bond has no connection with the bond for sale of real estate mentioned in chap. 64, § 8. *Snow* v. *Russell,* supra.

The rule laid down by the courts seems to be that the executor has the power to convey only when he is clothed with something more than mere authority to settle the estate, or in other words, when he is made a quasi trustee. There seems to be no case in

which real estate is specifically devised to legatees where a convey-
ance by the executor has been upheld except when necessary to
carry out the provisions of the will itself. *French* v. *Patterson*,
61 Maine, 203; *Gould* v. *Mather*, 104 Mass. 283; *Putnam Free
School* v. *Fisher*, 30 Maine, 523; *Hanson* v. *Brewer*, 78 Maine,
195; *Richardson* v. *Woodbury*, 43 Maine, 206; *Deering* v. *Adams*,
37 Maine, 264.

In this case, however, the testator specifically devised the real
estate to his children, giving them full power to sell and convey.
The case of *Whittemore* v. *Russell*, 80 Maine, 299, is analogous.

*W. H. Judkins*, for defendant.

The evident intention of the executor was to convey under the
power expressed in item sixth of the will.

The intention of the testator is plain. While he intended that
the "rest, residue, and remainder" should go to his children in
equal shares, as provided in item fifth, knowing that some of the
children were minors; that the real estate was situated in different
states, and having full confidence in the judgment and integrity of
his executors, and the survivor of them, he very wisely gave to them
a power to sell this scattered real estate, and invest the proceeds for
the benefit of his children. In item first of his will he appointed
his brother G. H. Bradt and his wife Sarah F. Bradt, his executors,
and guardians of his children, adding "and I desire that they be
not required to give bonds in either capacity." In appointing new
executors in his codicil, he does so, "with the same provision as to
not giving bonds."

The intention manifested by the whole instrument governs, when
expressed according to the rules of law. *Morton* v. *Barrett*, 22
Maine, 257; *Fisk* v. *Keene*, 35 Maine, 349; *Deering* v. *Adams*, 37
Maine, 264; *Shaw* v. *Hussey*, 41 Maine, 495; *Doane* v. *Hadlock*,
42 Maine, 72; *Cotton* v. *Smithwick*, 66 Maine, 360; *Andrews* v.
*Schoppe*, 84 Maine, 170; *Roberts* v. *Stevens*, 84 Maine, 325; *Ham-
ilton* v. *Wentworth*, 58 Maine, 101; *Emery* v. *Union Soc.*, 79 Maine,
334; *In Re Estate John B. Brown*, 86 Maine, 572.

The deed is sufficient to convey. *Ladd* v. *Chase*, 155 Mass. 417,

422; *Gould* v. *Mather*, 104 Mass. 283, 291; *Hall* v. *Preble*, 68 Maine, 100.

The power is ample. *Coil* v. *Pitman*, 46 Mo. 51; *Wood* v. *Hammond*, 16 R. I. 98; *Smyth* v. *Anderson*, 31 Ohio St. Rep., 144.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

WISWELL, C. J.   This is a real action.   The demanded premises at one time belonged to Daniel Bradt, who died in 1877, leaving a will which contained the following clauses:

"Fifth. All the rest, residue and remainder of my estate real personal and mixed I give, devise and bequeath to my children to be divided among them share and share alike and to their heirs forever."

"Sixth. I authorize my executors hereinbefore named and the survivor of them and any successor or successors that may be appointed in said trust to sell at public or private sale any or all my real estate at such time or times as they may see fit and invest the proceeds safely, the same to go as herein provided for my real estate. But this provision in regard to the sale of my real estate is not intended to interfere with the right of my wife and children to convey said real estate in the same manner as they could convey the same were this power to the executors to sell not inserted in this will."

The will was duly admitted to probate in the state of New Hampshire, where the testator resided at the time of his death, and letters testamentary issued to the executors named in the will. Subsequently, on July 16, 1878, the will was admitted to probate in Androscoggin county in this state, where the demanded premises are situated, and letters testamentary were issued to the then surviving executors.   On August 9, 1887, Peter P. Bradt, at that time the sole surviving executor, and in his capacity as executor conveyed the demanded premises to the defendant, by a sufficient deed, for an actual consideration of $5000.   Prior to making this conveyance he had obtained no license from a probate court and had not given the bond referred to in R. S., c. 71, § 4.

The plaintiff is one of the children of Daniel Bradt, the testator, and claims an undivided portion of the premises by virtue of the fifth clause in the will, above quoted. The defendant is the purchaser under the deed above referred to from the sole surviving executor. The question is which of these parties has the better title. The plaintiff's contention is that the deed from the surviving executor of the will of Daniel Bradt did not convey the premises to the defendant, because "the title to the real estate vested immediately in the children of the testator, of which the plaintiff was one, and the executor being in no sense a trustee, no title vested in him and he had no power to convey the real estate." In other words, that a testator cannot give his executor a naked power to convey his real estate for the purpose of its conversion into money, unless he also devises to him the legal title to such real estate.

This is not the law. A testator may devise his real estate to his executor for the purpose of selling the same, or he may devise it to others subject to the exercise of a naked power of sale, which he gives to his executors. The authorities and text books are full of such cases, and it often happens that it is a somewhat difficult question to decide whether the executor takes the title, or only a mere naked power to dispose of the title in order to effect the purposes of the will.

Although a will may not contain any express words or grant to executors, or any technical words of limitation to them, yet, by implication, a fee will vest in them, if upon a view of the whole will, such a fee be indispensable for the purpose of carrying into effect the objects of the testator. *Deering* v. *Adams*, 37 Maine, 264. And sometimes the provisions of the will may be such that the court will construe an authority to sell as vesting, by implication, the title to the premises in the executor. As did this court in *Hanson* v. *Brewer*, 78 Maine, 195. But the statement in the opinion in that case that: "It is well settled that an authority to sell, vested in an executer by the testator's will, vests in him the legal title also," is too broad and not in accordance with the weight of authority. This was not at all necessary to a decision of that case.

There is a well settled distinction between a devise of land to executors to sell, and a devise that executors shall sell, or that land shall be sold by them. A devise of the first description gives a power coupled with an interest, and the estate passes to the executors; but the latter are instances of a naked power. 3 Redfield on Wills, 137; 1 Sugden on Powers, 131; 11 Am. & Eng. Encyl. of Law, 1035, et seq., and cases cited; *Larned* v. *Bridge,* 17 Pick 339; *Shelton* v. *Homer,* 5 Met. 462; *Fay* v. *Fay,* 1 Cush. 93.

In the present case the testator expressly gave a naked power to his executors, or the survivor of them or any successor, to convey this real estate for the purpose of the conversion of the same into money, which should take the place of the real estate and go to the devisees of the real estate in the place thereof. That power was duly executed by the surviving executor by his conveyance to the defendant.

The plaintiff further claims that this conveyance was ineffective because the executor, before making the sale, did not give the bond required by R. S., c. 71, § 4, and that he was not excused by the will from giving such bond. This section reads as follows:

"Persons licensed as aforesaid, before proceeding to make such sales, leases or exchanges, shall give bond to the judge for a sum, and with sureties to his satisfaction."

But this executor did not sell under authority obtained from the probate court. The sale was in execution of a power vested in him by the will. The sale was authorized by the will for the purpose of converting the real estate into money. The probate court could not have authorized the executor to sell the real estate for that purpose: it is not within the provisions of the statute which provides that the probate court may authorize the sale of real estate for certain purposes.

The statute requires a bond to be given by " persons licensed as aforesaid." The executor in this case was not licensed and could not have been. Executors who make sales of real estate by virtue of authority vested in them under a testator's will, both those having the title vested in them for the purpose of making a sale, and those who only have a power to sell without interest, need not give

the bond above referred to. *Larned* v. *Bridge*, supra; *Newton* v. *Bronson*, 13 N. Y. 587, and cases cited in the notes thereto, 67 Am. Dec. 105.

In a recent case in this state, *Green* v. *Alden*, 92 Maine, 177, this court held that where real estate, situated in this state, was devised by a foreign testator to his executors as trustees for the purpose of selling the same to carry out the objects of the will, the will being duly probated in the state where the testator resided, and letters testamentary issued in that state to the executors, it was not necessary to have letters testamentary issued to them in this state, or to qualify as executors by giving bond, in order to make a valid transfer of that title.

In accordance with our conclusions the defendant is entitled to judgment, and such will be the entry.

*Judgment for defendant.*