STUART E. HAYES
*vs.*
ERNEST H. JOHNSON, State Tax Assessor

Piscataquis.   June 9, 1965.

*John L. Easton, Jr., Esq.*, for the Plaintiff.

*Ralph W. Farris* and *John R. Doyle*, Assistant Attorneys General, for the Defendant.

SITTING: WILLIAMSON, C.J., WEBBER, TAPLEY, SULLIVAN, MARDEN, RUDMAN, JJ.

MARDEN, J. On report, to determine the validity of an inheritance tax assessment challenged by petition for abatement.

The facts from which the issue arises are as follows:

The late Beatrice A. Cartwright executed a will which, after the usual provision for the payment of bills and a bequest of personal property, provided:

> "THIRD: I give, bequeath and devise all the rest, residue and remainder of my estate, real, personal and mixed and wherever and however the same may be situated, * * *, in equal shares unto so many of my children, the said Joseph William Cartwright, Edgar Calvin Cartwright, and Virginia Ann Cartwright Templet, as shall survive me; * * * and provided further, that any beneficiary hereunder who has not attained the age of twenty-one years at the time of my decease shall not receive his or her share outright, but such share shall be paid to the trustee of the trusts created under Paragraph FOURTH of this my Last Will and Testament, to be held and administered in accordance with the directions therein set forth."

The trust referred to in clause Third was established under clause Fourth, and declared that each child upon

attaining his majority was to receive his share outright and "free of all trust."

Clause Six set forth the powers of the trustee in subparagraphs A through O. Subparagraphs A and N read as follows:

"A. To sell or exchange, at public or private sale, for cash or on credit, with or without security, without approval of any court, and without liability upon any person dealing with the trustees to see to the application of any money or other consideration rendered to them.

"N. In addition to and not in limitation of his common law and statutory powers, I hereby authorize my executor, hereinafter named to exercise with respect to my estate, real or personal, all of the powers with all the discretions and immunities hereinbefore given to the trustee so far as said powers, discretions, and immunities are or might be applicable to executors in relation to my estate, to the same extent as if each of them were herein specifically set forth as given to my executor in relation to my estate."

Clause Seventh disposed of the testatrix' interest in a partnership known as Hardwood Products Company and provided that while the testatrix contemplated that this interest "will be transferred in kind in equal shares to my children * * *. However, without limiting any authority elsewhere in this will given him, my said executor is hereby expressly authorized to sell such interest" and distribute the proceeds.

Upon the death of the testatrix the children-beneficiaries named in clause Third survived her and were all over twenty-one years of age. The trust did not come into being.

The inventory of the estate reported (1) homestead property valued at $14,000.00, (2) summer property in Greenville valued at $16,500.00.

There was no occasion to sell real estate to satisfy creditors.

The executor sold the two parcels of real estate under what he then considered, and now urges, was his authority under the will to do so and reported to the inheritance tax office of the State Tax Assessor, as deductible expenses of administration, an amount representing the executor's commission based upon the real estate sold, an amount representing the expense of maintenance of the same real estate while held for sale, and the amount representing the cost of revenue stamps affixed to the deed of sale.

The inheritance tax office refused to allow these amounts as valid expenses of administration, contending that under the terms of the will the executor had no power of sale, with the result that no commission for sale was an appropriate expense of the estate and that expenses of maintenance were obligations of the devisees.

The executor paid the tax assessment under protest and thereafter petitioned for its abatement.

The parties stipulated that if it be determined that the executor were given power of sale of the Dover-Foxcroft residence and the Greenville cottage, the challenged assessment shall be abated to the extent of $48.58, but if it be determined that the executor was granted no power of sale over said real estate, the assessment shall be sustained.

The legal issues are raised by the State's contention that clause Third devised the real estate to the surviving adult children in fee, that the executor was given no power of sale, and that any power of sale, if indeed given, was invalid.

The executor-plaintiff contends that, granting that clause Third devises an estate in fee to the surviving adult children, such fee was subject to a power of sale validly granted him by the will.

The controlling question is whether the executor was, in fact, given a power of sale. If he were, the cases of *Bradt v. Hodgdon* 94 Me. 559, 563, 48 A. 179, and *Davis, et al.* v. *Scavone* 149 Me. 189, 192, 100 A. (2nd) 425 compel the holding that, although the Cartwright will devised the real estate to the children in fee, such fee could, nevertheless, be subject to the exercise of a naked power of sale by her executor.

The presence of a grant of authority to the executor to sell the real estate rests upon an interpretation of the will and determination of the testatrix' intent at the time of its execution. *Swasey, et al.* v. *Chapman Co-Executor, et al.* 155 Me. 408, 411, 156 A. (2nd) 395.

There was no power of sale expressly directed toward the real estate involved. There was in clause Seventh express authorization to sell part or all of the decedent's interest in Hardwood Products Company. The phrasing which the executor contends empowered him to sell other real estate is found in the 14th subparagraph of the terms of the *trust* (subparagraph N of clause Sixth) which subparagraph is quoted above. If the testatrix intended by this provision to grant the authority under discussion it was most obliquely done as distinguished from the direct expression in clause Seventh. There is no reason apparent for such indirection. There is no reason apparent for this alleged authority to be buried among the trust clauses, if the decedent intended it to be non-trust related. The construction urged by plaintiff is not consistent with the direct expression elsewhere in her will.

The grant in subparagraph N to the executor is not as broad as plaintiff urges. The grant extends literally only "so far as said powers * * * are or might be applicable to executors in relation to my (trust) estate." There are no powers applicable to the executor in relation to the non-existent trust estate.

If the decedent did not intend subparagraph N as "trust related" another possible construction would warrant a conclusion that inasmuch as a trustee under subparagraph A was authorized to sell estate assets "without approval of any court," the testatrix intended by subparagraph N to authorize the executor, without previously obtaining license from the Probate Court, to sell estate assets, if such sale were necessary to the settlement of the estate. In this sense the power of sale without license of court given the trustee "might be applicable" to the executor, but in this case is not.

Under neither interpretation was the executor granted power of sale over the properties here sold.

We are unable to read into the "authority elsewhere given" phrase of clause Seventh the significance attributed to it by the executor.

In accordance with the stipulation, the assessment is sustained.

*So Ordered.*